**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Petitioner,<br><br>       - v -<br><br>PARAMOUNT GLOBAL,<br><br>                Respondent. | No. 24 Misc. 207 (     ) |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PETITION TO ENFORCE**
**INTERNAL REVENUE SERVICE SUMMONS**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822
Email: Alyssa.O'Gallagher@usdoj.gov

ALYSSA B. O'GALLAGHER
Assistant United States Attorney
- Of Counsel -

## PRELIMINARY STATEMENT

Petitioner the United States of America (the "Government"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law seeking an order directing respondent Paramount Global ("Respondent") to comply with an Internal Revenue Service ("IRS") summons (the "Summons") duly issued pursuant to 26 U.S.C. § 7602 and served upon Respondent.   A copy of the Summons is annexed to the declaration of IRS Revenue Officer Susan Locklin (the "Declaration" or "Locklin Decl.") as Exhibit 1.

The Government respectfully refers the Court to the Declaration for the relevant facts relating to this petition (the "Petition").   The Declaration describes the IRS's investigation and the reason for the issuance of the Summons, explains that the information sought by the Summons may be relevant to the IRS's investigation and is not in the IRS's possession, and establishes that the Summons was duly issued and served on the Respondent.   The IRS is conducting an investigation for the collection of the tax liabilities of Philip Jacques (the "Taxpayer") for calendar years 2017 and 2018.   Respondent has failed to provide testimony or documents in response to the Summons.   Accordingly, the Court should order Respondent to comply with the Summons.

## ARGUMENT

### THIS COURT SHOULD ENFORCE THE SUMMONS

The IRS is authorized to issue summonses for the examination of witnesses' books and records pursuant to 26 U.S.C. § 7602.   *See generally United States v. Euge*, 444 U.S. 707, 710 (1980).   Section 7602 provides, in relevant part, as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal

revenue tax, or collecting any such liability, the Secretary is authorized—

(1)    To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2)    To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3)    To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a).

The Supreme Court has noted that Section 7602 forms the "centerpiece" of the IRS's "expansive information-gathering authority."  *United States v. Arthur Young & Co*., 465 U.S. 805, 816 (1984).   Under Section 7602, the IRS has broad summons authority, favoring disclosure of all relevant information:

[T]he very language of § 7602 reflects . . .   a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry.   In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad summons authority of the IRS or in fashioning new privileges that would curtail disclosure under § 7602.

*Id*. at 816–17; *see also Euge*, 444 U.S. at 716 n.9 (IRS has "broad latitude to adopt enforcement techniques helpful in the performance of [its] tax collection and assessment responsibilities"); *PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992).

A district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce a summons with which the summoned party has failed to comply.   Where the Government seeks to enforce an IRS summons, it must make a showing

> [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed . . . .

*United States v. Powell*, 379 U.S. 48, 57–58 (1964).   The Second Circuit has explained that the Government's burden of showing such compliance is "minimal."   *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988); *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976).   This minimal burden can be satisfied by an affidavit or a declaration of an IRS agent indicating compliance with the requisite criteria.   *See White*, 853 F.2d at 111.

After the Government has demonstrated that it complied with these criteria, the person opposing enforcement of the summons has the burden of disproving the existence of one or more of the criteria or establishing that enforcement of the summons would constitute an abuse of the Court's process.   *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *accord Powell*, 379 U.S. at 58; *White*, 853 F.2d at 111.   As the Supreme Court has stated, "this means that those opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service."   *LaSalle Nat'l Bank*, 437 U.S. at 316.   In contrast to the minimal showing required of the Government, a person opposing enforcement has a "heavy" burden of proving that enforcement of the summons would be improper.   *Id.*; *see also White*, 853 F.2d at 111.

In this case, the Government has satisfied the requisite criteria.   *First*, "the requirement[] that a summons have a legitimate purpose . . . [has] been interpreted liberally in favor of the

IRS." *PAA Mgmt.*, 962 F.2d at 216.   The IRS may issue a summons for several reasons,

including "[f]or the purpose of . . . collecting any such [tax] liability."   26 U.S.C. § 7602(a).

The investigation here is being conducted for the collection of the Taxpayer's tax liabilities for

the calendar years 2017 and 2018.   *See* Locklin Decl. ¶ 3.   Thus, the investigation is being

conducted for a legitimate purpose.   *See Powell,* 379 U.S. at 57–58.

       *Second*, the Government must make a "minimal showing of relevancy."   *Davey*, 543

F.2d at 1000.   The Supreme Court has liberally read the requirement of Section 7602

authorizing the IRS to "examine any books, papers, records, or other data which *may be* relevant

or material to such inquiry."   26 U.S.C. § 7602(a) (emphasis added).   Specifically, it explained

that the language "may be" relevant or material

> reflects Congress' express intention to allow the IRS to obtain items
> of even *potential* relevance to an ongoing investigation, without
> reference to its admissibility.   The purpose of Congress is obvious:
> the Service can hardly be expected to know whether such data will
> in fact be relevant until it is procured and scrutinized.   As a tool of
> discovery, the § 7602 summons is critical to the investigative and
> enforcement functions of the IRS; the Service therefore should not
> be required to establish that the documents it seeks are actually
> relevant in any technical, evidentiary sense.

*Arthur Young & Co.*, 465 U.S. at 814 (citation omitted); *see also White*, 853 F.2d at 112, 116–17;

*United States v. Noall,* 587 F.2d 123, 125 (2d Cir. 1978) ("[T]he threshold the [IRS] must

surmount [to show that the information requested "may be relevant"] is very low.").   The

testimony and documents sought by the Summons may be relevant to the IRS's investigation to

collect the federal tax liabilities of the Taxpayer for calendar years 2017 and 2018.   *See* Locklin

Decl. ¶¶ 3, 9–10.   Accordingly, the Government has made a showing of relevance.   *See Powell*,

379 U.S. at 57–58.

*Third*, the information sought by the Summons is not within the possession of the IRS. *See* Locklin Decl. ¶ 7; *see also Powell*, 379 U.S. at 57–58.   Respondent has failed to provide the testimony and documents sought by the Summons.

*Finally*, the IRS has complied with the applicable administrative steps required by the Internal Revenue Code for issuance of a summons.   *See* Locklin Decl. ¶ 8; *see also Powell*, 379 U.S. at 58.   Accordingly, the Government has established its minimal burden of demonstrating compliance with the criteria set forth in *Powell*.

This Court should therefore enforce the IRS Summons pursuant to its authority under 26 U.S.C. §§ 7402(b) and 7604(a).

## CONCLUSION

For the foregoing reasons, this Court should order Respondent to comply with the IRS Summons.

Dated:  New York, New York
         April 29, 2024

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for the United States of America*

                    By:    */s/ Alyssa B. O'Gallagher*
                              ALYSSA B. O'GALLAGHER
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.: (212) 637-2822
                              Email: Alyssa.O'Gallagher@usdoj.gov